IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAPHNA D. STEINER                                                      PLAINTIFF

V.                                    CASE NO. 5:15-CV-5183

THE PROGRESSIVE CORPORATION d/b/a
PROGRESSIVE INSURANCE, an Ohio Corporation;
GLENN M. RENWICK; JOHN P. SAUERLAND;
CHARLES E. JARRETT; SUSAN PATRICIA GRIFFITH;
BRIAN C. DOMECK; WILLIAM M. CODY; STUART B.
BURGDOERFER; CHARLES A. DAVIS; ROGER N.
FARAH; LAWTON W. FITT; STEPHEN R. HARDIS;
JEFFREY D. KELLY; PATRICK H. NETTLES, Ph.D.;
BRADLEY T. SHEARES, Ph.D.; BARBARA R. SNYDER;
M. JEFFREY CHARNEY; and DOES 1-10, inclusive,
individually, and in their official capacities at
DEFENDANT PROGRESSIVE                                                  DEFENDANTS

## ORDER

Now before the Court is the Plaintiff's *pro se* Complaint (Doc. 1) and Motion for

Leave to Proceed *In Forma Pauperis* (Doc. 3).  Having reviewed the Plaintiff's Affidavit of

Financial Means, the Court finds, pursuant to 28 U.S.C. § 1915(a)(1),  that the Plaintiff has

sufficiently established her financial inability to pay the filing fees and costs associated with

the bringing of this action.  Accordingly, the Clerk of the Court is directed to docket the

Complaint without prepayment of filing fees and costs.   However,  the Complaint is

subject to dismissal, *sua sponte,* because it fails to state a cause of action and is otherwise

frivolous and malicious.  *See*  28 U.S.C. §1915(e)(2)(B)(i) - (ii), and Forrester v. California

Adult Authority, 510 F.2d 58, 60 (8th Cir. 1975).

Plaintiff's Complaint, premised on diversity jurisdiction, describes an automobile accident that occurred on September 13, 2013, in Springdale, Arkansas. For purposes of this Order the Court accepts the facts plead as true. While stopped for traffic Plaintiff was rear-ended by Arron Austin, a permissive driver of a vehicle owned by his mother, Cherie Austin. Plaintiff sustained injuries and damages directly related to the accident. The Austins are citizens and residents of Arkansas. The Austins are insured by Separate Defendant, The Progressive Corporation ("Progressive"), a corporate citizen and resident of Ohio.

The Complaint sets out a facially plausible cause of action for negligence against Arron and Cherie Austin. Oddly, however, the Austins are not named as defendants. Instead, Plaintiff purports to bring a direct action against Progressive for bad faith failure to settle. According to Plaintiff, she provided documentation of $16,000.00 in related medical expenses, and a narrative explanation of her pain, suffering, and inconvenience, but Progressive stonewalled her—offering only $21,000.00 in settlement of her claims against the Austins. Progressive's officers and directors are sued individually for their role in permitting a culture of unfair and unethical claims administration. Without alleging any legal theory demonstrating entitlement to relief, Plaintiff seeks over $9 million in compensatory and punitive damages against Progressive. She seeks a collective sum exceeding $46 million against Progressive's officers and directors. Plaintiff also seeks injunctive relief in the form of apology signage and advertisements.

The Complaint does not state a facially plausible cause of action against the named Defendants because Plaintiff has no standing to bring a direct action against the Austin's

insurer.[1]   The claims against Progressive's officers and directors are frivolous and malicious.  The same is true of Plaintiff's requests for injunctive relief.  Although legitimate causes of action might exist  against Aaron and Cherie Austin, diversity jurisdiction would be lacking to bring such claims in this Court.   Plaintiff's Complaint shall therefore be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

IT IS, THEREFORE, ORDERED, that Plaintiff's Complaint is hereby **DISMISSED** without prejudice.

IT IS SO ORDERED this ___7th___ day of August, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] St. Paul Fire & Marine Ins. Co. v. Cas. Reciprocal Exch., 118 F.R.D. 480, 482 (W.D. Ark. 1987) aff'd sub nom. St. Paul Fire Ins. Co. v. Clayborn, 871 F.2d 1090 (8th Cir. 1988).  (Although an Insurer owes duty to its insured, it does not owe a duty to settle, in good faith or otherwise, claims brought by accident victims of its insureds, *citing*, Findley v. Time Ins. Co., 264 Ark. 647, 573 S.W.2d 908 (1978)).

3